**Order filed June 27, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00029-CV

_____

## IN THE INTEREST OF M.R., A CHILD

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-2980-PC**

### O R D E R

In this appeal, Appellant, B.B.R., challenges the trial court's order terminating her parental rights to her child, M.R. Before us is a motion filed by Appellee, the Texas Department of Family and Protective Services, joined by Appellant, entitled, "Joint Motion to Render Judgment Effectuating Agreement of the Parties." The motion states the parties' agreement as follows: "The Department and [Appellant] agree that the portion of the judgment below terminating [Appellant's] rights to M.R. should be reversed and the matter

remanded for a *de novo* trial before the referring court." The parties ask us to enter a judgment in accordance with the agreement of the parties, ordering that the portion of the order below terminating B.B.R.'s parental rights to M.R. be reversed and remanded for a de novo trial and that all other aspects of the order remain undisturbed. For the reasons set forth herein, the joint motion is overruled.

Texas Rule of Appellate Procedure 42.1(a)(2) sets forth the actions an appellate court may take on the agreement of the parties for disposition of the appeal:

> (A) render judgment effectuating the parties' agreements;
>
> (B) set aside the trial court's judgment without regard to the merits and remand the case to the trial court for rendition of judgment in accordance with the agreements; or
>
> (C) abate the appeal and permit proceedings in the trial court to effectuate the agreement.

TEX. R. APP. P. 42.1(a)(2). The relief requested here does not come within any of the permissible means for disposition specified by the rule. Without an agreement on the merits of the appeal, the parties seek a disposition requiring a finding of reversible error. We are not authorized "to order a new trial merely on the agreement of the parties absent reversible error." *See* TEX. R. APP. P. 42.1 notes & cmts.; *In re Z.A.S.*, No. 07-09-0136-CV, 2009 WL 2567948 (Tex. App.—Amarillo Aug. 20, 2009, no pet.) (mem. op.). For that reason, the motion as presented is overruled.

PER CURIAM

June 27, 2013

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

2